CARL F. KUX v. THE CENTRAL MICHIGAN SAVINGS BANK.

*Banks and banking—Entry in pass-book—Evidence—Expert testimony.*

1. Where a figure in the entry of a deposit in a bank pass-book is somewhat obscure, and the depositor and bank disagree as to the sum intended to be represented by it, its true meaning is a question of fact for the jury, in the solution of which they may be properly aided by the opinion of expert witnesses.
2. A bank pass-book, in which are entered the amounts deposited and drawn out by a depositor, is the book of original entry, and entitled to as much credit as evidence as the books retained by the bank.

Error to Ingham. (Person, J.) Argued October 6, 1892. Decided December 2, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*E. C. Chapin,* for appellant, contended:

1. The only legal reason for allowing opinion evidence is found in the presumption that an ordinary juryman, or other person without special knowledge, could not understand the bearing of facts that need interpretation; citing *People v. Hall,* 48 Mich. 490; *People v. Sessions,* 58 Id. 607; *Passmore v. Passmore Estate,* 60 Id. 468, 1 Greenl. Ev. § 440 (note); and experts cannot give opinions on matters of common observation; citing *Newmark v. Insurance Co.,* 30 Mo. 165; *People v. Bodine,* 1 Denio, 281; 1 Whart. Ev. § 436, and cases cited; Lawson, Ex. & Op. Ev. 203–206
2. The transactions and acts of a corporation may be proved by entries made in its books, and such entries are considered the best evidence of such acts; citing *People v. Bank,* 1 Doug. 285; *People v. Kemp,* 76 Mich. 419; *Robinson v. Mulder,* 81 Id. 75; *Culver v. Marks,* 122 Ind. 562; *Turnbull v. Payson,* 95 U. S. 418; Ang. & Ames. Corp. § 679; 3 How. Stat. § 3208c8; and copies of bank-books may be used in evidence; citing *People v. Hurst,* 41 Mich. 331; and evidence that a bank kept a record

of all notes discounted, and that no entry was ever made of discounting a certain note, is primary evidence to show that it had not discounted the note; citing *Marks v. Orth,* 121 Ind. 10.

*L. B. Gardner,* for plaintiff, contended for the doctrine of the opinion.

MONTGOMERY, J. . The plaintiff brought an action for money had and received.

He had for some time before and after the transaction over which the controversy arose been a depositor of the defendant, and had a pass-book in his possession, upon which was entered the amount of deposits made, and the date, and in which he was charged with money drawn. The footing made upon this book showed the account of plaintiff overdrawn. This result was reached, however, by treating an entry under date of November 19, 1889, as a credit of $105. Plaintiff testified that on this date he deposited $405. This the defendant strenuously denied, and the pass-book was produced and put in evidence by the defendant as sustaining its claim. The left-hand figure in the entry shows one downward stroke of the pen, which is distinct, and another stroke of the pen to the right of this, somewhat obscure; and it was also claimed by the plaintiff that there were indications of a horizontal stroke of the pen at or near the foot of the first left-hand mark, and extending to the right in such a manner as to indicate that the writer intended to make a figure 4. Whether this was true was properly treated as a question of fact by the trial judge. *Armstrong v. Burrows,* 6 Watts, 266.

The plaintiff called three witnesses to express an opinion as to whether the figure was a figure 4 or a figure 1, and they were permitted to express an opinion upon this question. In this there was no error. In *Stone v. Hubbard,* 7 Cush. 595, expert witnesses were permitted to testify as to whether the last figure in the date of a note,

claimed by the defense to have been 1842, and by the plaintiff to have been 1844, was a 2 or a 4. It was said by Bigelow, J.:

" The rule is well settled that, when characters in which a paper is written are obscure and difficult to be deciphered, the evidence of persons whom practice and experience in examining writing have made skillful is competent for the purpose of aiding the court or jury in arriving at a true reading of the document."

See, also, *Sheldon v. Benham,* 4 Hill, 129; *Norman v. Morrell,* 4 Ves. 769; *Masters v. Masters,* 1 P. Wms. 421; 1 Greenl. Ev. § 280.

Error is also assigned upon the refusal of the circuit judge to give defendant's second request, which reads:

" The books of the bank and the deposit slip are *prima facie* evidence of the money received by defendant from plaintiff on November 19, 1889, and determine the amount of money deposited on said day by plaintiff, unless disproved by a preponderance of evidence on the part of plaintiff. If not so disproved, your verdict must be for the defendant."

It is apparent from the other requests presented that the books referred to were the books retained by the bank, and the request was not intended to include or have reference to the pass-book retained by the plaintiff. In this view it was not error to refuse the request. The pass-book retained by the plaintiff was the book of original entry. Certainly, as between this book and the books retained by the bank, the latter were not entitled to greater credence.

We find no error in the record. The case was fairly submitted to the jury for their determination upon the question of fact, and, if the result is an injustice to the defendant, its remedy was by motion for a new trial.

The judgment will be affirmed, with costs.

The other Justices concurred.